**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **RON HAYES, RAYMOND JACKSON,** | § | |
| **GREGORY BELLEW, and ROBERT** | § | |
| **TIMOTHY HUTSON, On Behalf of** | § | |
| **Themselves and All Others Similarly** | § | |
| **Situated** | § | |
| | § | |
| **V.** | § | No.  5:05CV227 |
| | § | |
| **LAROY THOMAS, INC.** | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.  The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendant filed objections to the Report and Recommendation.  The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Ron Hayes, Raymond Jackson, Gregory Bellew, and Robert Timothy Hutson, all individually and on behalf of all others similarly situated ("Plaintiffs"), filed this collective action to recover unpaid overtime allegedly owed to them individually and on behalf of all other current and former construction workers (hereafter "Employees"). Plaintiffs filed this action against Laroy Thomas, Inc. ("Defendant" or the "Company"), who operates a plumbing and heat and air conditioning contractor business.  Plaintiffs allege Defendant's construction workers were not paid overtime for all hours worked over forty when they should have been paid time at one and one-half overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq*. This action is brought

to recover compensation, liquidated damages, statutory attorney fees, and costs pursuant to the FLSA.

## REPORT AND RECOMMENDATION

In her Report and Recommendation dated April 3, 2007, the Magistrate Judge recommended Defendant's Motion for Decertification of Action as a Collective Action be denied.  The Magistrate Judge weighed three factors, finding Plaintiffs are "similarly situated" within the meaning of the FLSA such as to make a collective action feasible. Thus, the Magistrate Judge declined to decertify the class conditionally certified in this action on April 18, 2006.

## OBJECTIONS

Defendant filed objections to the Magistrate Judge's recommendation that Defendant's Motion for Decertification of Action as a Collective Action (Dkt No. 40) be denied. Specifically, Defendant asserts that in the event this action goes to trial as a collective action, each of the original and opt-in Plaintiffs will have to testify at trial and will have to establish by testimony when and for what length of time each performed the loading work at issue in this case. According to Defendant, to the extent there is any commonality between the claims of Plaintiffs, such commonality does not operate to allow the monetary claim of one Plaintiff to be established by the testimony of another Plaintiff.  Defendant asserts keeping this action as a collective action will mean a considerably longer trial than would be the case if only the four claims of the original Plaintiffs were considered, accomplishing little from the standpoint of judicial efficiency.  Finally, Defendant asserts the Magistrate Judge erroneously focuses on the compensability issue, rather than the similarly situated issue in this case.

2

## *DE NOVO* REVIEW

The Magistrate Judge focuses on the arguments as presented by the parties and correctly applied the three applicable factors in the determination of whether the Plaintiffs are similarly situated: (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Reyes v. Texas Ezpawn, L.P.*, 2007 WL 101808, *2 (S.D. Tex. Jan. 8, 2007). The Court has reviewed the three factors and agrees with the Magistrate Judge that Plaintiffs are "similarly situated" within the meaning of the FLSA, making a collective action feasible.

Defendant's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. The Court declines to decertify the class conditionally certified in this action on April 18, 2006. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Decertification of Action as a Collective Action (Dkt. No. 40) is **DENIED**. It is further

**ORDERED** that within fifteen days from the date of entry of the Order, the parties shall submit to the Court a joint proposed Amended Scheduling Order to govern this case.

**SIGNED this 19th day of April, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE